## JAMES F. SELF
## v.
## ELAM M. SANFORD.

CHATTEL MORTGAGE—WHEN A LIEN—PRIORITY.—A chattel mortgage does not become a good and valid lien as against creditors of the mortgagor until it is filed for record.   At the time of the sale and delivery to the mortgagor of the property in question, there was an execution in the hands of the sheriff against him, and the lien of such execution attached on the delivery of the property to him under the sale, and became a prior lien to that of the vendor, created by means of a chattel mortgage for the purchase money, executed at the time of the sale and delivery of the property, but not filed for record until twenty hours thereafter.

ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.   Opinion filed October 2, 1879.

Mr. W. A. CRAWLAY, for plaintiff in error; that the attachment become a lien upon the property on the sale and delivery to the vendee, cited Rev. Stat. 1874, 650.

As to the time when chattel mortgages became a lien : Burnham v. Muller, 61 Ill. 453.

Mr. E. M. SANFORD, for defendant in error ; that the vendee had only a conditional title to the property, cited Prior v. White, 12 Ill. 261.

A deed and a mortgage back are to be considered as simultaneous acts : 20 Ill. 53 ; Speer v. Skinner, 35 Ill. 282 ; 10 Chicago Legal News, 225.

An objection not taken below will be considered as waived : Selby v. Hutchinson, 4 Gilm. 319 ; Funk v. Staats, 24 Ill. 644.

DAVIS, P. J.   This is a controversy virtually between a judgment creditor and a mortgagee, to determine the priority of their respective liens.

On the 19th of February, 1877, defendant in error was the owner of two mules.   On the afternoon of that day Shade

Clanham, who was a tenant on the farm of defendant in error, bargained with the defendant for the mules, when a verbal agreement was entered into between them, to the effect that defendant would sell the mules to Clanham for one hundred and sixty dollars, and reserve a lien upon them for the purchase money by taking a chattel mortgage. About five o'clock of the afternoon of that day the agreement was carried into effect, by Clanham executing his note and chattel mortgage to secure the purchase money of the mules. The mortgage was entered by and acknowledged before a magistrate of the proper township on the same afternoon, and Clanham delivered the note and mortgage to Sanford, and afterwards, on the same afternoon, Sanford delivered the mules to Clanham. On the afternoon of the next day, at one o'clock and fifty minutes, the mortgage was filed for record in the recorder's office of the county. The mortgage contained the usual provisions, for the mortgagor to retain possession of the property until the maturity of the note, which was due in one year from date, and for the mortgagee to take possession of the property should he at any time feel unsafe or insecure.

On the 27th of January, 1877, before this transaction, an execution on a judgment against said Clanham was issued by a justice of the peace of Morgan county, and placed in the hands of plaintiff in error, who is a constable of said county, and retained by him until the 9th of March, 1877, when he levied it on the same two mules then in the possession of Clanham. Afterwards, upon a demand for the mules, and a refusal, defendant in error commenced his action of replevin, in which he recovered a judgment for the mules and for nominal damages and costs.

In this State the law is well settled, that on a sale of personal property, the vendor can retain no lien upon the property sold as against execution creditors, unless he retain the actual possession of the property sold, or secures the payment of the purchase money by a chattel mortgage acknowledged, entered and recorded as prescribed by the statute. In this case the sale was made on the 19th of February, 1877, and the property actually delivered to the purchaser on the same day. By

the delivery the title became perfect in Clanham, and the property became subject to the lien of the execution then in the hands of the plaintiff in error. The lien of defendant in error did not attach until his mortgage was filed for record on the 20th of February 1877, and the lien of his mortgage was subject to the prior lien of the execution. Nothing can relieve a mortgagee from the necessity of having his mortgage recorded before other liens attach. In this case the mortgage of defendant in error did not become good and valid by the express terms of our statute as against the creditors of the mortgagor until it was filed for record. About twenty hours intervened between the delivery of the property to the mortgagor and the filing of the mortgage for record, and during that time the lien of the execution in the hands of plaintiff in error became perfect, and superior to that of defendant. No time is given by our statute in which the mortgagee may have his mortgage recorded, but until it is filed for record, his mortgage has no force, validity or effect, as against creditors or subsequent purchasers. It follows then that when the execution in the hands of plaintiff in error became a lien on the property in controversy, on the 19th day of February, 1877, by its delivery to Clanham, defendant in error had no claim whatever to the property. His claim did not arise until the 20th of February, 1877, and of course is subject to the prior lien of plaintiff in error. The judgment below should have been for plaintiff in error, and it having been rendered for the defendant, it must be reversed.    Judgment reversed and cause remanded.